UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07-CR-572 (CEJ) |
| | ) | |
| DARWIN BECK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

This matter is before the Court upon the motion and amended motion of Darwin Beck for a new trial based on newly discovered evidence. Beck has also filed a motion for summary judgment, asserting that he is entitled to judgment as a matter of law with respect to his request for a new trial. The United States has not responded, and the time allowed for doing so has expired.

A movant seeking a new trial on the basis of newly discovered evidence must prove that (1) the evidence was unknown or unavailable to him at the time of trial; (2) the failure to discover the evidence was not due to his lack of diligence; (3) the evidence is material and is not merely cumulative or impeaching; and (4) the evidence is such that it would probably result in an acquittal upon retrial. United States v. Winters, 600 F.3d 963, 970 (8th Cir.), cert. denied, ___ U.S. ___, 131 S.Ct. 255, 178 L.Ed.2d 169 (2010); United States v. Fuller, 557 F.3d 859, 863-864 (8th Cir. 2009). "The standard for a new trial on the basis of newly discovered evidence 'is rigorous because these motions are disfavored.'" United States v. Hollow Horn, 523 F.3d 882, 889 (8th Cir. 2008), quoting, United States v. Baker, 479 F.3d 574, 577 (8th Cir. 2007).

In his first motion for a new trial, Beck asserts that the United States deliberately withheld evidence of a key prosecution witness' "criminal history, arrest record, and felony conviction." [Doc. # 137]. It was known to the defense before trial that the witness, DeWayne Long, had been arrested for failing to appear in response to a subpoena. Indeed, Beck's attorney sought to cross-examine Long about the arrest. Beck presents no evidence of any other arrest. Likewise, he presents no evidence that the witness had a prior felony conviction. It is axiomatic that newly discovered evidence must be in existence in order to support a motion for a new trial. Beck's bare allegations here are insufficient to establish the existence of newly discovered evidence.

In the amended motion, Beck claims that the government failed to disclose a prior inconsistent statement made by witness Steven Schwerb, a police officer, in his testimony before the grand jury and in a complaint. Beck does not specify the inconsistency, but he suggests that it concerns testimony about post-arrest statements he made to the police. Before trial, Beck filed a motion to suppress statements and evidence. An evidentiary hearing was held at which Schwerb's partner testified about Beck's statements. In a motion to vacate that he filed pursuant to 28 U.S.C. § 2255, Beck claimed that he was denied effective assistance of counsel by his attorney's failure to cross-examine Schwerb and other witnesses about inconsistencies between the testimony they gave before and at trial. <u>Darwin Beck v. United States</u>, Case No. 4:09-CV-843 (CEJ) (E.D. Mo.) [Doc. # 1]. It is evident that at trial, Beck was aware of the prior testimony and statements of the government's witnesses and he had the opportunity determine whether there were any inconsistencies. Beck is not entitled to a new trial based on the allegations in the amended motion.

For the reasons discussed above, the Court concludes that Beck has not met his burden of establishing the existence of newly discovered evidence or his entitlement to a new trial. His motion for a new trial and his motion for summary judgment will be denied.

An Order consistent with this Memorandum will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2012.